# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FEEZOR,<br><br>                              Plaintiff,<br>  vs.<br><br>LAWRENCE J. ZANGARI, INC. dba PENASQUITOS UNOCAL; CONOCOPHILLIPS COMPANY,<br><br>                            Defendant. | CASE NO. 07-CV-0493 H (LSP)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION REGARDING ATTORNEY FEES** |

On March 19, 2007, Plaintiff filed a complaint against Defendants alleging violations of the Americans With Disabilities Act ("ADA") and related California statutes. (Doc. No. 1.) On Feberuary 15, 2008, Defendants filed a motion for partial summary judgment with respect to Plaintiff's ADA claims. (Doc. No. 14.) On February 22, 2008, Defendants filed a motion to dismiss Plaintiff's state law claims. (Doc. No. 20.) Plaintiff filed statements of non-opposition with respect to both of Defendants' motions. (Doc. No. 21, 22.)

On March 13, 2008, the Court granted Defendant's unopposed motion for partial summary judgment regarding Plaintiff's state law claims and granted Defendant's unopposed motion to dismiss Plaintiff's state law claims. (Doc. No. 24.) The parties agreed that the ADA authorizes only injunctive relief in suits by private parties, see Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1136 (9th Cir. 2002), and Plaintiff did not dispute that Defendant's remedial actions rendered moot Plaintiff's claims for injunctive relief under the ADA. (Id.)

1  Having concluded that Plaintiff's ADA claims were moot, the Court concluded that no claims
2  remained over which the Court had original jurisdiction. Therefore, the Court declined to
3  exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 and
4  dismissed those claims without prejudice. (Id.)

5  On March 27, 2008, Plaintiff and Defendants both filed motions for attorney fees.
6  (Doc. Nos. 26, 27.) The Court referred the parties to the magistrate judge to issue a report and
7  recommendations regarding the motions for attorney fees. (See Doc. No. 24.) The magistrate
8  judge issued a report and recommendation on July 29, 2008, recommending that both parties'
9  motions for attorney fees be denied. (Doc. No. 34.) The parties have filed objections to the
10 magistrate judge's report and recommendation. (Doc. Nos. 35, 36.)

11 After reviewing the magistrate judge's report and recommendation, the parties' briefing
12 regarding attorney fees, and the entire record in this case, the Court declines to modify or set
13 aside any portion of the magistrate judge's decision and adopts as the order of the Court the
14 magistrate judge's recommendation that both parties' motions for attorney fees be denied.

15 "[T]he ADA makes an award of attorney's fees to the prevailing party discretionary.
16 It provides that 'the court or agency, in its discretion, may allow the prevailing party . . . a
17 reasonable attorney's fee.'" Hubbard v. SoBreck, LLC, 531 F.3d 983, 985 (9th Cir. 2008)
18 (quoting 42 U.S.C. § 12205). A prevailing defendant may recover attorney fees if the
19 plaintiff's claims were "frivolous." Id.; see Summers v. Teichert & Son, Inc., 127 F.3d 1150,
20 1154 (9th Cir. 1997). Here, the Court concludes that the magistrate judge correctly determined
21 that Defendant was not a prevailing party entitled to attorney fees, since the Court granted
22 summary judgment as to Plaintiff's ADA claims not on the merits but on the ground that
23 Plaintiff lacked standing. (See Doc. No. 24.) Even assuming that Defendant was a prevailing
24 party for purposes of attorney fees, the Court in its discretion concludes that fees are not
25 warranted under the circumstances of this case. See 42 U.S.C. § 12205.

26 The Court also concludes that the magistrate judge correctly determined that Plaintiff
27 is not entitled to an award of attorney fees. First, the Court concludes that Plaintiff failed to
28 demonstrate that he was a prevailing party within the meaning of the ADA's attorney fees

1 provision. See 42 U.S.C. § 12205. Additionally, the Court concludes that Plaintiff is not
2 entitled to attorney fees under California law. See Hubbard v. SoBreck, LLC, 531 F.3d at 987
3 (ADA preemption of Cal. Civ. Code § 55). Finally, even assuming that Plaintiff satisfied the
4 requirements under the law for attorney fees pursuant to the ADA, the Court in its discretion
5 concludes that the circumstances of this case do not warrant an award of fees to Plaintiff. 42
6 U.S.C. § 12205.

7 IT IS SO ORDERED.

8 DATED: September 12, 2008

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT